UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **FRANCISCO DÍAZ MORALES**<br><br>Plaintiff<br><br>v.<br><br>**JUNTA DE SÍNDICOS DEL ROYALTY FUND MECHANIZED CARGO LOCAL 1575 ILA** thorough its Administrator and Trustee, **FRANCISCO GONZÁLEZ RÍOS**; **INSURANCE COMPANY X**; **JOHN DOE**<br><br>Defendants | **Civil No.:**<br><br><br>**RE:**<br>*CIVIL ACTION* |

## NOTICE OF REMOVAL
## AND MEMORANDUM OF LAW IN SUPPORT THEREOF

**TO THE HONORABLE COURT**:

**COME NOW**, the Defendant, **JUNTA DE SÍNDICOS DEL ROYALTY FUND MECHANIZED CARGO LOCAL 1575 ILA** through its Administrator and Trustee, **FRANCISCO GONZÁLEZ RÍOS** through their undersigned counsel, and hereby gives notice of removal of this action from the Puerto Rico Court of First Instance, San Juan Superior Court, where it is pending, to the United States District Court for the District of Puerto Rico. In support of this Notice of Removal, the Defendant states as follows:

### I. PROCEDURAL BACKGROUND

On December 15, 2023 Plaintiff, Francisco Díaz Morales commenced a civil action in request for the liquidation of the Royalty Fund Mechanized Cargo, Local 1575 ILA. The action was filed before the Puerto Rico Court of First Instance, San Juan Superior Court, Civil Number SJ2023cv11594. Through his Complaint, Plaintiff is asking the State Court for an interpretation of a Plan that, as further explained below, is a welfare and pension benefit plan organized and operated in accordance with Section 302(c) of the *Taft–Hartley Act*, 29 USCA § 186, and

1

governed by the *Employee Retirement Income Security Act* of 1974 ("ERISA"), 29 USC §§1001 *et seq*. It was through Plaintiff's Complaint that the Defendant ascertained the facts constituting grounds for this notice, which is presented during the 30-day window prescribed by law. *See* 28 USC § 1446(b).[1]

##  II.   FACTUAL ALLEGATIONS AND ITS IMPLICATIONS UNDER FEDERAL LAW

Plaintiff alleged in his Complaint that "*Local 1575 is a local union affiliated with the International Longshoremen's Association. AFL-CIO (hereinafter ILA 1575), composed of longshoremen, whose job it is to load and unload goods from vessels arriving at our port. The ILA 1575 Promotes Collective Bargaining on Behalf of Working Employees for Contributing Employers, in order to improve wages, security and obtain better working conditions…*" (*See* Complaint, Page 2, ¶8). The Complaint further alleges that "*On April 9, 2010 by means of Deed Number One (1), before the Notary Public Gisel Colón Ortiz, Local 1575 of the International Longshoremen's Association (ILA 1575) and the Employers with whom ILA 1575 had Collective Bargaining Agreements entered into a Trust Agreement they called Royalty Fund Mechanized Cargo Local 1575 ILA, to deposit contributions and benefits of the members of ILA 1575 who worked for them*" (*Id*., at ¶9). It is also alleged that "*Pursuant to Deed Number One (1), the Trust must be administered by a Board of Trustees where the Employers appoint their Trustees and ILA 1575 appoints theirs.*" (*Id*., at ¶10).[2] The "*Prayer for Relief*" included in the Complaint, asks the State Court to grant remedies to "terminate" and/or "liquidate" the Fund.

These allegations clearly sustain that the *Royalty Fund Mechanized Cargo Local 1575 ILA,* is a "Trust Fund" established by and between a certain group of employers and a union. This contractual relationship exists in accordance with the provisions set in Section 302(c)(5) of the Taft-Hartley Act, 29 USCA § 186. Taft-Hartley trusts are joint labor-management trust funds

---

[1] Defendant was served with process on January 31, 2024.
[2] As **ADDENDUM-1** to this *Notice of Removal*, a copy of the *Complaint* filed before State Court is included, in its original version in the Spanish language. A *Motion in Request for Leave to file Documents in the Spanish Language* is also being filed today.

created pursuant to Section 302(c)(5) of the *Labor Management Relations Act*, 29 USC § 186(c)(5), and subject to the provisions of ERISA. In fact, according to the Complaint, the *Royalty Fund Mechanized Cargo Local 1575 ILA,* is a jointly administered, multi-employer trust fund established and maintained pursuant to collective bargaining agreements in accordance with the Taft Hartley Act Section 302(c)(5) which provides for an employee benefit plan within the meaning of ERISA §§ 3(1)-(3) and 502(d)(1), 29 U.S.C. §§ 1002(1)-(3) and 1132(d)(1).

### III.   APPLICABLE LAW AND DISCUSSION

Jurisdiction over this matter is governed by section 502 of ERISA, which, in its relevant part, provides as follows:

> Except for actions under subsections (a)(1)(B) of this section, the district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter . . . State courts of competent jurisdiction and district court of the United States shall have concurrent jurisdiction of actions under paragraphs 1(B) and (7) of subsection (a) of this section. 29 USC § 1132(e)(1).

The express language of the Act grants concurrent subject matter jurisdiction to state and federal courts to entertain causes of action under section 502(a)(1)(B) of the Act to recover benefits, to enforce rights or to clarify future rights under the terms of an ERISA benefits 29 USC §§ 1132(a)(1)(B) & (e).

Unless otherwise expressly provided by Act of Congress, any civil action brought in a state court over which the district courts of the United States have original jurisdiction, may be removed by the Defendant to a District Court of the United States. 28 USC § 1441(a). The existence of concurrent jurisdiction under ERISA section 502(e) gives the plaintiff the initial choice of forum, but that choice is subject to defendant's right of removal. *Id*.

While not explicitly invoking ERISA in his Complaint, it is evident that Plaintiff is seeking an interpretation of the Plan and/or of the terms and conditions under which said plan is to be administered. Thus, Plaintiff's claims are completely preempted by the Taft Hartley Act and ERISA. Plaintiff's claims fall within the scope of ERISA's civil enforcement provision and is subject to removal by Defendant as "arising under" the laws of the United States. 29 USC § 1132(a);

It is well settled that a state cause of action may not camouflage an ERISA claim. Metropolitan Life Insurance Co. v. Taylor, 481 US. 58, 107 (1987); Pilot Life Insurance Co. v. Dedeaux, 481 US. 41, 44, (1987). In *Pilot Life Insurance Co.,* the Supreme Court applied to ERISA the same standard for preemption of state-created causes of action as it had earlier developed for Section 301 of the Taft–Hartley Act; the Court stated that "the preemptive force 'is so powerful as to displace entirely any state cause of action ..." *Id*.

As evidenced by Plaintiff's allegations in his Complaint, the controversy that his is posing before the State Court relates to the interpretation and execution of the terms and conditions that governs a jointly administered, multi-employer trust fund established and maintained pursuant to collective bargaining agreements in accordance with the Taft Hartley Act Section 302(c)(5) which provides for an employee benefit plan within the meaning of ERISA §§ 3(1)-(3) and 502(d)(1), 29 U.S.C. §§ 1002(1)-(3) and 1132(d)(1).

**WHEREFORE**, Defendant hereby gives *Notice of Removal* of the cause of action filed before the Puerto Rico Court of First Instance, San Juan Superior Court, under the Civil Number SJ2023cv11594 and requests that it proceeds before this Court as an action properly removed.

**RESPECTFULLY SUBMITTED**,

In San Juan, Puerto Rico, this 1st day of March, 2024.

**IT IS CERTIFIED** that on this same day, a true and correct copy of this *Notice of Removal* was electronically filed before the Puerto Rico Court of First Instance, San Juan Superior Court and that due notice of this filing will be sent by email to all parties by operation of the State Court's electronic filing system. It is also certified that on this same day, a true and correct copy of this *Notice of Removal* was sent by Email to Plaintiff's Legal Representative, **Mr. CÉSAR A. ROSADO RAMOS, Esq**., to his address of record: cesarrosadoramos@gmail.com.

**ROMERO NIEVES LAW OFFICES LLC**
290 | Jesús T. Piñero Ave.
Suite 1105 | Box 4
San Juan | Puerto Rico | 00918-4002
T.: 787.758.2448

*/s/ Luis E. Romero Nieves*
Luis E. Romero-Nieves
USDC-PR No. 230,211
lromero@romero-nieves.com