IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| Francisco Diaz Morales<br><br>Plaintiff,<br><br>v.<br><br>Junta de Sindicos del Royalty Fund Mechanized Cargo Local 1575 ILA through its Administrator and Trustee, Francisco Gonzalez Rios; Insurance Company X; John Doe,<br><br>Defendants. | **Civil. No. 24-cv-01096(GMM)**<br>**RE: Civil Action** |

**OPINION AND ORDER**

Before the Court is Plaintiff Francisco Díaz Morales' ("Díaz Morales" or "Plaintiff") *Motion for Request to Remand and Memorandum of Law Thereof* ("Motion for Remand"). (Docket No. 10). For the reasons stated herein, the Court **DENIES** Plaintiff's Motion to Remand.

I.   **FACTUAL BACKGROUND**

The Court primarily derives its factual background from the facts alleged in Plaintiff's Complaint. (Docket No. 9-1.). The Court also considers the certified copy of Deed Number One —the Trust Contract establishing the Royalty Fund Mechanized Cargo Local 1575 ILA ("Trust")— submitted by the Board of Trustees of

the Trust ("Board of Trustees" or "Defendant"). (Docket No. 14-1).[1]

Local 1575 ("ILA 1575") is a local union comprised of stevedores associated with the International Longshoremen's Association AFL-CIO. (Docket No. 9-1 at 2). The ILA 1575 serves as a collective bargaining representative for its member employees in negotiations with contributing employers on issues such as salary and work safety. (Id. at 2-3).

On April 9, 2010, the Trust was created by ILA 1575 and its Contributing Employers through the execution of Deed Number One. (Id. at 3; Docket No. 14-1). ILA 1575 union workers' Contributing Employers deposited contributions into the Trust for the benefit of their employees. (Docket Nos. 9-1 at 3; 14-1 at 2). Deed Number One provides "[t]hat we hereby want to comply with the purposes of the FUND and harmonize it with the requirements of the law called "Employee Retirement Income Security ACT (ERISA)", PL 93 of 1974." (Docket No. 14-1 at 2).

Under the terms of Deed Number One, the Trust is administered by a Board of Trustees comprised of individuals selected to serve

---

[1] Generally, the Court may look only to the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the complaint and matters of which judicial notice can be taken. Pataud v. U.S. Citizenship and Immig. Services, Boston Field Off., 501 F. Supp. 3d 22, 28 (D. Mass. 2020) citing Nollet v. Justices of Trial Court of Mass., 83 F.Supp.2d 204, 208 (D. Mass. 2000), aff'd, 248 F.3d 1127 (1st Cir. 2000). In addition, the Court is not limited to the allegations in the complaint in deciding a motion to remand. See In re Fresenius Granuflo/Naturalyte Dialysate Prods. Liab. Litig., 76 F. Supp. 3d 321, 333 (D. Mass. 2015).

as the respective representatives of the Contributing Employers and ILA 1575 (Docket Nos. 9-1 at 3; 14-1 at 5). Pursuant to Deed Number One, the Union and the Contributing Employers must have equal representation on the Board of Trustees. (Docket Nos. 9-1 at 3; 14-1 at 5). As of today, all the Contributing Employers have ceased their operations, and the only remaining Trustee passed away. (Docket No. 9-1 at 3). Plaintiff thus alleges that the requisite equal representation on the Board of Trustees is currently impossible and contends that the fund should thus be liquidated. (Id. at 4).

According to the Complaint, Mr. Francisco González Ríos ("González- Ríos") is the sole remaining Trustee and Trust Administrator for the Trust's Board of Trustees. Plaintiff alleges that González-Ríos has indicated that the Trust would be liquidated to its beneficiaries. (Id.). However, Plaintiff further contends that González-Ríos has not yet liquidated the Trust or provided beneficiaries with a projected date on which such a liquidation might be finalized. (Id.). In addition, Plaintiff alleges that González-Ríos failed to comply with numerous information requests, supposedly breaching his fiduciary duties to the Trust's beneficiaries. (Docket No. 9-1 at 5-8).

Case 3:24-cv-01096-GMM   Document 15   Filed 04/24/24   Page 4 of 13

Civil. No. 24-cv-01096(GMM)
Page -4-

## II.     PROCEDURAL BACKGROUND

On December 15, 2023, Plaintiff filed a civil action in the Puerto Rico Court of First Instance, San Juan Superior Court ("State Court") against the Board of Trustees and González-Ríos (collectively, "Defendants") alleging that Defendants violated various provisions of Act No. 219,3 2 L.P.R.A. §§ 3351 et seq. (the "Trust Act"). (Docket No. 9-1). Plaintiff's Complaint requests: (1) the removal of González-Ríos as Trustee and Trust Administrator; (2) name a new trustee to administer and liquidate the Trust; (3) reward appropriate remedies if it is determined that González-Ríos breached his fiduciary duties; (4)require González-Ríos top pay Plaintiff's incurred legal expenses; (5) terminate the trust; and (6) issue a declaratory judgment that "…the beneficiaries of the Trust are entitled to be paid any sum of money for the liquidation." (Docket No. 9-1 at 14).

On March 1, 2024, the Trust filed a *Notice of Removal and Memorandum of Law in Support Thereof*. (Docket No. 1). Therein, Defendants argue that the Trust is governed by Section 302(c)(5) of the Taft-Hartley Act, 29 U.S.C. § 186 and provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 et seq. (Id. at 2-3). The Trust further contends that Plaintiff's Complaint, although not directly invoking ERISA, functionally sought judicial interpretation of the benefit plan

triggering federal preemption by both the Taft-Hartley Act and ERISA. (Id. at 3-4). Defendants thus conclude that the dispute's removal to federal court is proper given that "Plaintiff's claims are completely preempted" by federal statutes. (Id.).

On April 1, 2024, Plaintiff filed this Motion for Remand, requesting that the Court remand this case to the State Court for further proceedings. (Docket No. 10 at 10). Therein, Plaintiff contends that Defendants erred in characterizing the Trust as a welfare and pension benefit plan governed by Section 302(c) of the Taft-Hartley Act and ERISA. (Id. at 1-2). Specifically, Díaz-Morales noted that "the trust fund at issue, totally unrelated to pensions plan under ERISA, was envisioned and designed by the contractual parties considering the provisions of the Taft-Harley Act but in accordance with the Puerto Rico Trust Act." (Id. at 9). Additionally, Díaz- Morales asserts that the Complaint did not seek interpretation of the Trust plan under federal law, but rather made allegations and sough remedies, including termination of the trust, under Puerto Rico law. (Id. at 9-10). Thus, according to Plaintiff, the Complaint did not raise a substantial federal legal question supporting a finding that there was federal jurisdiction over the controversy. (Id.).

On April 22, 2024, Defendant filed its *Response in Opposition to Motion to Remand*. (Docket No. 14). Therein, Defendant stressed

Civil. No. 24-cv-01096(GMM)
Page -6-

that complete preemption under ERISA plainly applied to the current controversy and thus remand to state court would be improper. (Id.).

### III. LEGAL STANDARD

Removal of a claim to federal court is governed by 28 U.S.C. § 1441 ("Section 1441"). Pursuant to Section 1441, a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction" to the proper federal district court. 28 U.S.C. § 1441(a). "The propriety of removal thus depends on whether the case originally could have been filed in federal court." Scotiabank v. Halais-Borges, 339 F. Supp. 3d 25, 26 (D.P.R. 2018) (quoting City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 163 (1997)).

It is blackletter law that "[f]ederal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A federal district court has original jurisdiction when a plaintiffs complaint raises claims and or issues "arising under the Constitution, laws, or treaties of the United States" 28 U.S.C. § 1331; see also Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 312 (2005). Ultimately, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction [over a removed case], the case shall be remanded." 28 U.S.C. § 1447(c).

Case 3:24-cv-01096-GMM   Document 15   Filed 04/24/24   Page 7 of 13

Civil. No. 24-cv-01096(GMM)
Page -7-

"Section 1441 is "strictly construed" against removal, and any doubt regarding the propriety of removal should be resolved in favor of remand." (Id. at 26 (*citing* Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 32 (2002) and Rosselló-González v. Calderón-Serra, 398 F.3d 1, 11 (1st Cir. 2004)). Moreover, the Party "…opposing remand and urging jurisdiction, ha[s] the burden to demonstrate this court's subject matter jurisdiction, and we note that all doubts should be resolved in favor of remand." Castro Ruiz v. Starwood Hotels & Resorts Worldwide, Inc., No. CIV. 12-1174 JAF, 2012 WL 3069404, at *1 (D.P.R. July 27, 2012) (internal quotations omitted); *see also* San Antonio-Trinidad v. Marriott P.R. Mgmt. Corp., 773 F.Supp.2d 244, 248 (D.P.R.2011).

Generally, "[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987); *see also* Morales-Ramos v. Pfizer Pharms. LLC, 235 F. Supp. 3d 351, 354 (D.P.R. 2017) (*quoting* BIW Deceived v. Local S6, Indus. Union of Marine & Shipbuilding Workers of Am., IAMAW Dist. Lodge 4, 132 F.3d 824, 831 (1st Cir. 1997)) ("The gates of federal question jurisdiction are customarily patrolled by a steely-eyed sentry—the "well-pleaded complaint rule"—which, in general,

prohibits the exercise of federal question jurisdiction if no federal claim appears within the four corners of the complaint.").

However, complete preemption is an exception to the well-pleaded complaint rule. *See* Caterpillar, Inc., 482 U.S. at 393. "Complete preemption is a short-hand for the doctrine that in certain matters Congress so strongly intended an exclusive federal cause of action that what a plaintiff calls a state law claim is to be recharacterized as a federal claim." Fayard v. Ne. Vehicle Servs., LLC, 533 F.3d 42, 45 (1st Cir. 2008). As such, "if a federal cause of action completely preempts a state cause of action any complaint that comes within the scope of the federal cause of action necessarily 'arises under' federal law." Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. California, 463 U.S. 1, 24 (1983). "Consequently, where the doctrine of complete preemption applies, federal question jurisdiction exists and removal of a plaintiff's complaint—even one that does not directly assert a federal cause of action—is proper." Morales-Ramos, 235 F. Supp. 3d at 355.

The Supreme Court applies the doctrine of complete preemption in cases regarding claims for benefits from plans regulated by ERISA. *See* Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 57 (1987) ("[t]he policy choices reflected in the inclusion of certain remedies and the exclusion of others under the federal scheme would

be completely undermined if ERISA-plan participants and beneficiaries were free to obtain remedies under state law that Congress rejected in ERISA."); *see also* <u>Metro. Life Ins. Co. v. Taylor</u>, 481 U.S. 58, 64 (1987).

To determine whether removal of a state law claim is supported by complete preemption under ERISA, a party "must show that the state cause of action falls within the scope of ERISA § 502(a)." <u>Danca v. Private Health Care Sys., Inc.</u>, 185 F.3d 1, 5 (1st Cir. 1999) (internal citations omitted). "ERISA preempts state laws that mandate employee benefit structures or their administration as well as those that provide alternative enforcement mechanisms." <u>New York State Conf. of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.</u>, 514 U.S. 645, 649 (1995). Thus, "if an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B), and where there is no other independent legal duty that is implicated by a defendant's actions, then the individual's cause of action is completely preempted by ERISA § 502(a)(1)(B)." <u>Aetna Health Inc. v. Davila</u>, 542 U.S. 200, 204 (2004). Nevertheless, given that Section 502(a) of ERISA does not govern all questions related to ERISA covered plans, a court must consider "whether the real nature of the claim is federal, regardless of plaintiff's [state law] characterization." <u>Danca</u>, 185 F.3d at 5 (internal citations and quotations omitted).

In sum, for preemption purposes under ERISA, courts apply a two-part analysis. First, courts ask whether the purported plan is "an employee benefit plan" within the scope of ERISA, 29 U.S.C. § 1144(a). Rosario-Cordero v. Crowley Towing & Transp. Co., 46 F.3d 120, 124 (1st Cir.1995). Next, courts ask whether the plaintiff's state-law claim "relates to" the employee benefit plan. Id.; 29 U.S.C. § 1144(a) (state-law claims are pre-empted if they "relate to" an employee benefits plan). If both answers are in the affirmative, the plaintiff's claims are preempted by ERISA. Colon-Rodriguez v. Astra-Zeneca Pharms., LP, 831 F.Supp.2d 545, 550-51 (D.P.R.2011).

## IV.  ANALYSIS

ERISA governs "employee benefit plans." 29 U.S.C. § 1001. It comprehensively regulates, among other things, employee welfare benefit plans that, "through the purchase of insurance or otherwise," provide medical, surgical, or hospital care, or benefits in the event of sickness, accident, disability, or death. § 3(1), 29 U.S.C. § 1144(a). "A plan is covered by ERISA if it provides welfare or pension benefits, is not excluded under ERISA's safe harbor provision, and is established or maintained by an employer engaged in interstate commerce intending to benefit employee." Hoyos v. Telecorp Communs., Inc., 405 F. Supp. 2d 199, 202 (D.P.R. 2005). "The statute defines a "welfare benefit plan"

Case 3:24-cv-01096-GMM   Document 15   Filed 04/24/24   Page 11 of 13

Civil. No. 24-cv-01096(GMM)
Page -11-

as a plan established or maintained for the purpose of its participants or beneficiaries' "medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment, or vacation benefits, apprenticeship or other training programs, or day care centers, scholarship funds, or prepaid legal services." 29 U.S.C. § 1002(1). It defines an employee "pension benefit plan" as a plan which "provides retirement income to employees" or "results in the deferral for income by employees for periods extending to the termination of covered employment or beyond." 29 U.S.C. § 1002(2)(A)." Id. at 208.

Plaintiff characterizes the Trust as a fund where the contributing Employers "deposited the contributions and benefits of the union workers of the ILA 1575 that worked for them." (Docket No. 9-1 at 3). Moreover, Deed Number One facially provides that the purpose of the Trust is meant to "harmonize … with the requirements of ERISA". (Docket 14-1 at 2). "When collective-bargaining agreements create pension or welfare benefits plans, those plans are subject to rules established in ERISA." M&G Polymers USA, LLC v. Tackett, 574 U.S. 427, 434 (2015).

Additionally, Section 502(a) of ERISA provides that,

A civil action may be brought—
      (1) by a participant or beneficiary—
      (A) for the relief provided for in subsection (c) of this section, or

> (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan

29 U.S.C. § 1132(a)(1). Moreover, ERISA Section 502(c)(1) states

> (1) Any administrator (A) who fails to meet the requirements of paragraph (1) or (4) of section 606, section 101(e)(1), section 101(f), section 105(a), or section 113(a) [29 USCS § 1166, 1021(e)(1), 1021(f), 1025(a) or 1032(a)] with respect to a participant or beneficiary, or (B) who fails or refuses to comply with a request for any information which such administrator is required by this title to furnish to a participant or beneficiary (unless such failure or refusal results from matters reasonably beyond the control of the administrator) by mailing the material requested to the last known address of the requesting participant or beneficiary within 30 days after such request may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal, and the court may in its discretion order such other relief as it deems proper.

29 U.S.C. § 1132(c)(1).

Plaintiff's Complaint essentially seeks to exercise Plaintiff's rights under the Trust in accord with the provisions of Deed Number One. Thus, the dispute falls within the auspices of Section 502(a) of ERISA.

Furthermore, the Court takes judicial notice of the two Forms 5500 entitled *Annual Return/Report of Employee Benefit Plan* for the years 2021 and 2020, which were filed as exhibits with the Complaint in the State Court. *See* United States ex rel. Winkelman v. CVS Caremark Corp., 827 F.3d 201, 208 (1st Cir. 2016)(courts

may consider "matters of public record and facts susceptible to judicial notice"). These forms state that they are "required to be filed for employee benefit plans under sections 104 and 4065 of the Employee Retirement Income Security Act of 1974 (ERISA) and sections 6057(b) and 6058(a) of the Internal Revenue Code (the Code)." Thereby, they clearly indicate that the Trust is a welfare benefit plan.

The Court finds that the Trust created by ILA 1575 and the Contributing Employers constitutes a plan covered by ERISA. Thus, complete preemption applies, and removal to this Court is proper.

## V. CONCLUSION

For the foregoing reasons stated herein, the Court **DENIES** Plaintiff's *Motion for Request to Remand and Memorandum of Law Thereof*.

IT IS SO ORDERED.

In San Juan, Puerto Rico, April 24, 2024.

s/Gina R. Méndez-Miró
GINA R. MÉNDEZ-MIRÓ
UNITED STATES DISTRICT JUDGE